FILED
IN CLERKS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS   A 10: 52

05-10261 REK

U.S. DISTRICT COURT
DISTRICT OF MASS.

KINGVISION PAY-PER-VIEW CORP., LTD.,  )
                                       )   Civil Action No. _____
        Plaintiff,                     )
                                       )
v.                    MAGISTRATE JUDGE Alexander )   RECEIPT # 61996
                                       )   AMOUNT $150
TORRI CANADA and THE MENS BAR,         )   SUMMONS ISSUED N/A
d/b/a M & M Tavern.                    )   LOCAL RULE 4.1 ___
                                       )   WAIVER FORM ___
        Defendants,                    )   MCF ISSUED ___
                                       )   BY DPTY. CLK. TOW
                                           DATE 2/10/05

## COMPLAINT

Plaintiff, KINGVISION PAY-PER-VIEW CORP., LTD.., by and through its undersigned attorney, Gary D. Berkowitz, Esq., sues the Defendants TORRI CANADA and THE MENS BAR, INC d/b/a M & M Tavern.

### Jurisdiction

1.   This action arises under Section 705 of the Communications Act of 1934, as amended, 47 U.S.C. §§ 605 and 553.

2.   Jurisdiction in this Court is proper under 28 U.S.C. §1331.

3.   Venue in this Court is proper under 28 U.S.C. §1391(b) as these claims arose in this district.

### Parties

4.   The Plaintiff, **KINGVISION PAY-PER-VIEW CORP., LTD.. "KINGVISION PAY-PER-VIEW CORP., LTD.."** is a corporation organized and existing under the laws of the State of **Delaware**, with its principal office and place of business located in **Deerfield Beach, Florida**.

5.   The Defendant, Torri Canada and The Mens Bar, is a Massachusetts

corporation authorized to and transacting business as "M & M Tavern" from its principal place of business located at 454 Blue Hill Road, Boston.

6. Defendant, Torri Canada, is, upon information and belief, owner of M & M Tavern.

## Preliminary Background

7. **KINGVISION PAY-PER-VIEW CORP., LTD.** entered into a closed-circuit television license agreement to exhibit the closed-circuit telecast of the March 1, 2003 Championship boxing match between Roy Jones, Jr. V. John Ruiz, from the Thomas & Mack Center, Las Vegas, Nevada, including undercard or preliminary bouts (the boxing match and all related bouts are collectively referred to as the "Event"), at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout Massachusetts (the "License Agreement"). **KINGVISION PAY-PER-VIEW CORP., LTD.** paid substantial fees for its license.

8. **KINGVISION PAY-PER-VIEW CORP., LTD.** entered into the License Agreement for the purpose of distributing for a commercial gain the closed-circuit broadcast of the Event to various business establishments throughout Massachusetts.

9. The closed-circuit broadcast of the Event was not intended for the use of the general public. In Massachusetts, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment if said establishment was contractually authorized to do so by **KINGVISION PAY-PER-VIEW CORP., LTD.**.

10. Pursuant to the License Agreement, **KINGVISION PAY-PER-VIEW CORP., LTD.** marketed and distributed the closed-circuit rights granted to it. **KINGVISION PAY-PER-VIEW CORP., LTD.**, through its agents, contracted with various establishments

throughout Massachusetts and granted to such establishments the right to broadcast the Event in exchange for a fee.

11. The transmission of the Event was electronically coded or "scrambled". In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

12. The transmission of the Event was available to the Defendants to purchase for broadcast in M & M Tavern. Had they done so, they would have been authorized to receive, transmit and publish the Event in M & M Tavern. Defendants did not, however, contract with **KINGVISION PAY-PER-VIEW CORP., LTD.** or any of its agents, to obtain the rights to broadcast the Event.

13. The establishments which contracted with **KINGVISION PAY-PER-VIEW CORP., LTD.** to broadcast the Event were provided with the electronic decoding capability and/or satellite coordinates necessary to receive the signal of the Event.

14. On March 1, 2003, in violation of **KINGVISION PAY-PER-VIEW CORP., LTD.**'s rights and federal and state law, the Defendants willfully intercepted and/or received the interstate communication of the Event. In the alternative, the Defendants assisted in the receipt of the interstate communication of the Event. The Defendants then transmitted, divulged and published said communication, or assisted in transmitting, divulging and publishing said communication, to patrons within M & M Tavern.

15. The Defendants misappropriated **KINGVISION PAY-PER-VIEW CORP., LTD.**'s licensed exhibition of the Event and infringed upon **KINGVISION PAY-PER-VIEW CORP., LTD.**'s exclusive rights while avoiding proper payment to **KINGVISION PAY-PER-VIEW CORP., LTD.**. Defendants' actions were committed willfully and with the express

3

purpose and intent to secure a commercial advantage and private financial gain.

16.  The Defendants enabled the patrons within M & M Tavern to view the Event to which neither the Defendants nor the patrons were entitled to do.

17.  The persons whom Defendants permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by **KINGVISION PAY-PER-VIEW CORP., LTD.**.

18.  The Defendants were not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form or at any time.

## COUNT I

## VIOLATION OF 47 U.S.C. §553

19.  **KINGVISION PAY-PER-VIEW CORP., LTD.** hereby incorporates the allegations set forth in Paragraphs 1 through 18 above as if the same were fully set forth and realleged herein.

20.  Te Communications Act of 1934, as amended, 47 U.S.C. $553 (Section 553") provides, in relevant part:

> No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law. 47 U.S.C. §553(a)(1).

21.  The Defendants' wrongful actions in connection with the Event, as described above, were in violation of Section 553.

22.  Section 553(c)(1) provides that "[a]ny person aggrieved by any violation of subsection (a)(1) of [§ 553] may bring a civil action in a United States district court" to recover damages as described further in § 553(c).

4

23.     **KINGVISION PAY-PER-VIEW CORP., LTD.** is a person aggrieved by Defendants' violations of Section 553, and it is therefore authorized to institute this action against the Defendants to recover damages from the Defendants for their violations of Section 553 and their interference with **KINGVISION PAY-PER-VIEW CORP., LTD.'s** proprietary rights.

24.     As a result of the Defendants' wrongful acts, **KINGVISION PAY-PER-VIEW CORP., LTD.** is entitled to the statutory damages provided for in Section 553.

25.     Because of Defendants' wrongful actions, **KINGVISION PAY-PER-VIEW CORP., LTD.** is entitled to judgment against the Defendants for (a) statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to § 553(c)(3)(A)(ii); (b) statutory damages for willfulness in the amount of Fifty Thousand Dollars ($50,000.00), pursuant to § 553(c)(3)(B); and (c) full costs, including reasonable attorney's fees, pursuant to § 553(c)(2)(C).

WHEREFORE, the Plaintiff, **KINGVISION PAY-PER-VIEW CORP., LTD.**, requests that this Court enter judgment, jointly and severally, against Defendants TORRI CANADA and M & M Tavern, for:

(a)     Statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to § 553(c)(3)(A)(ii);

(b)     Statutory damages for willfulness in the amount of Fifty Thousand Dollars ($50,000.00), pursuant to § 553(c)(3)(B);

(c)     Full costs and expenses of this action, including reasonable attorney's fees, pursuant to § 553(c)(2)(C); and

(d)     Such other and further relief as the Court deems just and proper.

## COUNT II

## VIOLATION OF 47 U.S.C. § 605

26. The Plaintiff hereby incorporates the allegations contained in Paragraphs 1 through 25 of the Complaint.

27. The Communications Act of 1934, as amended, 47 U.S.C. § 605 ("Section 605"), provides in relevant part:

> . . . No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

28. The Defendants' wrongful actions in connection with the Event, as described above, were in violation of Section 605.

29. Section 605(d)(6) provides that "any person with proprietary rights in the intercepted communication . . ." may bring a private cause of action against one who acts in violation of Section 605.

30. By virtue of the License Agreement, **KINGVISION PAY-PER-VIEW CORP., LTD.** maintained proprietary rights in the intercepted communication of the Event. Therefore, **KINGVISION PAY-PER-VIEW CORP., LTD.** is an aggrieved person and is entitled to recover damages from the Defendants for their violations of Section 605 and their interference with **KINGVISION PAY-PER-VIEW CORP., LTD.**'s proprietary rights.

31.  As a result of the Defendants' wrongful acts, **KINGVISION PAY-PER-VIEW CORP., LTD.** is entitled to the statutory damages provided for in Section 605.

32.  Because of Defendants' wrongful actions, **KINGVISION PAY-PER-VIEW CORP., LTD.** is entitled to judgment against the Defendants for (a) statutory damages in the amount of Ten Thousand Dollars ($10,000.00), pursuant to § 605(e)(3)(C)(i)(II); (b) statutory damages in the amount of One Hundred Thousand Dollars ($100,000.00), pursuant to § 605(e)(3)(C)(ii); and (c) full costs, including reasonable attorney's fees, pursuant to § 605(e)(3)(B)(iii).

WHEREFORE, the Plaintiff, **KINGVISION PAY-PER-VIEW CORP., LTD.**, requests that this Court enter judgment, jointly and severally, against the Defendants TORRI CANADA . and M & M Tavern, for:

(a) Statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to § 605(e)(3)(C)(i)(II);

(b) Statutory damages in the amount of One Hundred Thousand Dollars ($100,000.00) pursuant to § 605(e)(3)(C)(ii);

(c) Full costs and expenses of this action, including attorney's fees pursuant to § 605(e)(3)(B)(iii); and

(d) Such other and further relief as the Court deems just and proper.

Dated: February 8, 2005          BY: _____
                                     Gary D. Berkowitz, Esq. # 632536
                                     One James Street
                                     Providence, RI 02903
                                     (401) 751-7671
                                     (401) 751-1146

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

KINGVISION PAY-PER-VIEW, LTD.

## DEFENDANTS

TORRI CANADA and THE MENS BAR, d/b/a M & M TAVERN

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Broward, FL
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

GARY D. BERKOWITZ, ESQ.
One James Street
Providence, RI 02903
tel: (401) 751-7671

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

47 USC § 605 (FCC radio interception)

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury – Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury – Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | LABOR | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / Habeas Corpus | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | ☐ 791 Empl Ret Inc Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 535 Death Penalty | | ☐ 871 IRS – Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 540 Mandamus & Other | | | |
| | / ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

☒☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $ 100,000
Check YES only if demanded in complaint
JURY DEMAND: ☐ YES ☒☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE 2/11/05

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _____
   _____ Kaminski v. The US DHS _____

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ✓ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,       *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   ___ V. 150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   _____ none _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                YES        (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
                                                YES        (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                YES        (NO)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                YES        (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                (YES)      NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      (EASTERN DIVISION        CENTRAL DIVISION        WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION        CENTRAL DIVISION        WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _____ Gary Berkovich _____
ADDRESS _____ 1 James St, Pier NJ 07095 _____
TELEPHONE NO. _____ 917-751-1611 _____

(Cover sheet local.wpd - 11/27/00)