IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KINGVISION PAY-PER-VISION CORP., LTD., a Delaware Corp.<br><br>Plaintiff,<br><br>v.<br><br>TORRI CANADA and THE MEN'S BAR, INC.<br><br>Defendants | Civil Action No.: 05-30261-WGY |

## AFFIDAVIT IN SUPPORT OF ENTRY OF JUDGMENT

COUNTY OF PALM BEACH    )

STATE OF FLORIDA    )

BEFORE ME personally appeared Skip Klauber and states as follows:

1. My name is Skip Klauber. I am over the age of eighteen (18) years, have personal knowledge of the facts and matters contained herein and am competent to testify as a witness in these proceedings.

2. I am a representative of Kingvision Pay Per View Corp., Ltd.. for matters involving the piracy of its programming. In this capacity, I have familiarity with the matters contained herein. I am a consultant for Secure Signal, Inc. a Florida corporation that handles piracy claims for Kingvision, including the instant matter. I am also an attorney admitted to practice in the state of Georgia and the Commonwealth of Massachusetts.

3. Counsel for Kingvision has requested that I submit an affidavit in support of a judgment in this matter, setting forth an amount of damages to be requested in this Court's judgment.

4. I have been involved with the piracy business, and cases prosecuted under 47 U.S.C.A. §§ 553 and 605 since May of 1998. Upon information and belief, I have reviewed every case ever published by West's and Lexis regarding cases where parties are sued by closed circuit program providers. I have been involved in the prosecution of over 30 reported decisions, including important matters such as Prostar v. Massachi, 239 F. 3rd. 669 ( 5th Circ. 2001). In addition, I have supervised the prosecution by counsel throughout the United States and in Puerto Rico of over 1000 federal lawsuits.

5) In suggesting a damages award in this matter, I am persuaded by cases in the First Circuit such as *Joe Hand Promotions, Inc. v. Salinetti*, 148 F.Supp. 2d. 119 (D. Mass. 2001) (an award of $15,700 plus fees and costs), and *Kingvision v. Langthorne*, 2001 U.S. Dist. LEXIS 20721 (D. Mass. November 28, 2001) (an award of $11,000 plus fees and costs), that an aggregate award in favor of the Plaintiff in the amount of at least 11,000, plus fees and costs, is appropriate. An award in this amount is also suggested following my review of the pertinent facts in this matter, including: the number of patrons in the establishment; the approximate cost if the defendants had legally sub-licensed the program; the number of monitors in the establishment that were broadcasting the program; whether the improper broadcast was "live" or via a video-tape (admittedly, a rare occurrence); whether a "cover charge" was in effect; and whether the establishment in any manner advertised the broadcast of the program. Additional factors could include matters such as whether there is direct evidence of patrons deliberately choosing to view the program at an establishment improperly broadcasting the event, as opposed to a legal location; and how the improper broadcast was discovered (i.e., by a private auditor, a telephone call, a police report, or upon being informed by a legal customer/location).

6) In addition, an award of at least $11,000, plus fees and costs, is consistent withe most recent decisions regarding damages under 47 U.S.C.A. § 605. *See, Garden City*

*Boxing v. Rodriguez (Mambo's Bar)*, 2006 US Dist. LEXIS 22136 (E.D.N.Y., April 21, 2006) ($2747.50 + $10,000 in enhanced damages, plus fees and costs), and *Kingvision v. Penaloza (El Llapingacho)* 2006 US Dist LEXIS 18350 (E.D.N.Y.,April 11 2006) ($1250 + $10,000 in enhanced damages, plus fees and costs). I am convinced from my experience with these types of cases that in matters where there is a plea for damages under both 47 U.S.C.A. §§ 553 and 605, that an award of damages only under one of the statutes, § 605, is proper.

7)   I believe an ward in the aggregate amount of $11,000, plus fees and costs, will satisfy three purposes for awarding damages under 47 U.S.C.A. § 605: to make the plaintiff whole; to punish the defendants for improper conduct; and to deter future similar conduct by the defendants, or others. I also request that this Court publish the decision, in order that other courts in the First Circuit will have the benefit of this Court's guidance with regard to the awarding of damages under the Federal Communications Act.

I hereby certify, affirm and declare under the penalties of perjury and upon personal knowledge that the facts contained in the foregoing Affidavit are true and correct.

THE AFFIANT AFFIRMS THAT THE FACTS STATED ABOVE ARE TRUE.

_____
Skip Klauber, Affiant

SWORN TO AND SUBSCRIBED before me this 23rd day of June, 2006, by Skip Klauber, who is personally known to me and who took an oath.

NOTARY PUBLIC-STATE OF FLORIDA
Susanne H. Rumpf
Commission # DD400981
Expires: APR. 05, 2009
Bonded Thru Atlantic Bonding Co., Inc.

_____
Notary Public - State of Florida

SUSAnne H. RumpF
Type or Print Name of Notary Public